## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DEAN BRYAN DAVIDSON,                  )
                                      )
            Plaintiff,                )
                                      )
      v.                              )          No. 4:17-cv-2076-RLW
                                      )
SOUTHEAST MISSOURI MENTAL             )
HEALTH CENTER, et al.,                )
                                      )
            Defendants.               )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Dean Bryan Davidson, a detainee at the Southeast Missouri Mental Health Center, for leave to proceed *in forma pauperis* in this civil action filed pursuant to 42 U.S.C. § 1983. The Court has reviewed the financial information submitted in support, and will grant the motion. In addition, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This Court is required to liberally construe a *pro se* complaint, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and must accept plaintiff's factual allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25,

33 (1992). The Court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Giving a *pro se* complaint the benefit of a liberal construction does not mean that the rules of ordinary civil litigation must be interpreted to excuse mistakes by those who proceed *pro se*. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are the Southeast Missouri Mental Health Center, Denise Boyde, and Fulton State Hospital. Plaintiff states that he sues all defendants in their official and individual capacities. Plaintiff alleges that he is being wrongfully detained; that "staff" and "they" have opened and read his legal mail, "practiced illegal authority over the Constitution of the United States" and broken his confidentiality; that he was lost in the shuffle when he was about to be discharged from Fulton State Hospital; that "they" and "social worker Denise Boyde from here" admitted to opening and reading his mail; that he has been slandered, ridiculed and humiliated religiously; and that his reputation as an ordained minister has been ruined. (Docket No. 1 at 5). As relief, he seeks $1,000,000.00 in damages.

## Discussion

Because Southeast Missouri Mental Health Center and Fulton State Hospital are entities of the State of Missouri, plaintiff's claims against them are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Because Boyde is an employee of Fulton State Hospital, plaintiff's official capacity claims against her for monetary damages are also barred by the Eleventh Amendment. *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) (citing *Will*, 491 U.S. 58) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment"). Therefore, plaintiff's claims

2

against Southeast Missouri Mental Health Center and Fulton State Hospital, and plaintiff's official capacity claims against Boyde, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's individual capacity claims against Boyde will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The only factual allegation against Boyde is that she admitted she had opened and read plaintiff's mail. Plaintiff does not allege that the mail at issue was legal mail, nor does he allege an actual injury to pending or contemplated legal claims or interference with his right to counsel. Plaintiff also fails to allege facts tending to show that Boyde regularly and unjustifiably interfered with his mail, or that she destroyed, withheld or refused to send any mail. It therefore cannot be said that plaintiff states a claim of constitutional magnitude against Boyde. *See Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (to state a claim for denial of access to the courts, a plaintiff must assert that he suffered an actual injury to pending or contemplated legal claims); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (to state a claim under the First Amendment, a plaintiff must show a regular and unjustifiable interference with mail); *see also Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (allegations of sporadic and short-term delays and disruptions in mail are insufficient to state a claim under the First Amendment). The remainder of the complaint sets forth generalized, rambling allegations that "staff" and "they" committed various forms of wrongdoing. These allegations do not state a claim against Boyde because liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Martin*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where the plaintiff failed to allege that a defendant was personally involved in or directly responsible for incidents that injured him).

Civil plaintiffs are required to set forth their claims in a simple, concise, and direct manner, and they are required to set forth the facts supporting such claims as to each named

defendant. This Court's obligation to liberally construe plaintiff's complaint does not include the obligation to create facts or construct claims that have not been alleged. *See Stone*, 364 F.3d at 914-15 (Court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."). Having liberally construed the complaint, the Court concludes that it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of August, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE